**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FALGUNI SONI,<br><br>Plaintiff,<br><br>v.<br><br>BURLINGTON COAT FACTORY OF ILLINOIS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:20-cv-6761 |

**NOTICE OF REMOVAL**

NOW COMES Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., incorrectly sued as BURLINGTON COAT FACTORY OF ILLINOIS, LLC, by and through its attorneys Corry P. Keilin of SmithAmundsen LLC, and, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446, and Rule 81 (c) of the Federal Rules of Civil Procedure, and for its notice of removal, states as follows:

1. A case was commenced on July 29, 2020, in the Circuit Court of Cook County, Illinois, County Department, Law Division by Plaintiff, Falguni Soni, under the case number 2020 L 7984.

2. Defendant was served with summons on October 15, 2020, and received a copy of Plaintiff's Complaint on or about October 15, 2020. Pursuant to 28 U.S.C. § 1446(b), this notice has been timely filed and before the applicable deadline. A copy of the Summons and Complaint served upon this Defendant in the state court action is attached hereto as Exhibit A, and incorporated herein by reference.

3. Burlington Coat Factory of Texas, Inc. owned and operated a clothing store located at 4849 Golf Road, Skokie, Cook County, Illinois ("the store.") On or about August 14, 2018, Burlington Coat Factory of Texas, Inc. owned, controlled, managed, maintained and

operated the store. It is alleged that the store owner knew, or in the exercise of ordinary care, should have known that the floor near the registers of the store was in a dangerous and defective condition. Specifically, Plaintiff alleges that the store owner knew or should have known that there was a liquid substance on the floor of the store that presented a hazard to the public. Plaintiff alleges that the store owner knew or should have known that "pedestrians walking along and upon said premises would not have their attention directed toward a liquid substance on the floor," and that the "condition" was there an then a hazard to pedestrians lawfully walking in the store. Exhibit A.

4. Complete diversity of citizenship exists between Plaintiff and Defendant. This is grounds for removal.

5. Plaintiff, Falguni Soni, is a citizen of Illinois. Defendant in this case is a citizen of Delaware and New Jersey.

6. Burlington Coat Factory of Texas, Inc. is a Delaware corporation with its principal place of business in New Jersey and is therefore both a Delaware citizen and a New Jersey citizen. Burlington Coat Factory of Texas, Inc. is incorporated in Delaware and is, therefore, a Delaware citizen. Burlington Coat Factory of Texas, Inc.'s principal place of business is in Burlington, New Jersey making it a New Jersey citizen as well.

7. In the complaint, Plaintiff seeks damages in excess of $50,000, and it should be noted that Illinois law does not permit Plaintiff, in her Complaint, to make a demand for a specific sum of money. She alleges that, as a result of the incident complained of, she has suffered past and future pain and suffering, has incurred past medical expenses, and that she will incur medical expenses in the future for injuries and pain in her right foot and lower back. Further, she alleges that she suffered disability and lost wages.

8. Plaintiff has been diagnosed with multiple disc protrusions with an annular tear of the thecal sac at L4-L5. Plaintiff's primary treating physician, Dr. Sajjad Murtaza, has recommended that Plaintiff undergo epidural injections to treat the continuing pain. She has extreme difficulty walking on uneven ground, stepping up and down curbs, squatting, walking approximately 15 minutes and with home responsibilities. She was completely unable to perform heavy work (such as pushing/pulling, climbing, carrying), and has been unable to participate in recreational activities.

9. Consequently, and upon information and belief, it is clear that Plaintiff will seek damages well in excess of $75,000.

10. There is no basis to conclude that Plaintiff's claim is for less than the jurisdictional minimum. (*See James Neff Kramper Family Farm Partnership v. IBP, Inc*., 393 F.3d 828, 831 (8th Circuit, 2005), indicating remand for failure to meet the minimum is appropriate only if it is "legally certain" that the claim is really for less than the jurisdictional minimum amount).

11. For the reasons stated herein, this Court has jurisdiction over this case pursuant to 28 U.S.C. 1332. Removal of this cause to this Court is sought pursuant to the provisions of 28 U.S.C. 1441, and the time for filing this Notice of Removal as set forth in 28 U.S. C. 1446 has not expired. This case is being removed within 30 days of service upon Burlington.

WHEREFORE, Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., incorrectly sued as BURLINGTON COAT FACTORY OF ILLINOIS, LLC, hereby removes this case from the Circuit Court of Cook County, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

SMITHAMUNDSEN LLC

By: *_____/s/ Corry P. Keilin_____* _______
One of the attorneys for Defendant
Burlington Coat Factory of Texas, Inc.
improperly sued herein as Burlington Coat
Factory of Illinois, LLC

Corry P. Keilin, ARDC 6281894
ckeilin@salawus.com
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
312.894.3200 -- Telephone
312.894.3210 – Fax