# EXHIBIT A

FILED DATE: 7/29/2020 12:59 PM  2020L007984

Attorney No.31908
GDG:mac

FILED
7/29/2020 12:59 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L007984

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| FALGUNI SONI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| BURLINGTON COAT FACTORY OF ) | |
| ILLINOIS, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

The party who brings this action is Plaintiff, FALGUNI SONI.

The party complained of is Defendant, BURLINGTON COAT FACTORY OF ILLINOIS, LLC.

### COUNT I
(Premises Liability)

Plaintiff, FALGUNI SONI, by counsel, as and for her Complaint against Defendant, BURLINGTON COAT FACTORY OF ILLINOIS, LLC, pleading in the alternative, alleges and states as follows:

1. At all times complained of herein, Defendant was an Illinois entity doing business in Skokie, Cook County, Illinois.

2. At all times complained of herein, Defendant owned and operated a clothing store located at 4849 Golf Road, Skokie, Cook County and State of Illinois (hereinafter referred to as "Premises").

3. At all times complained of herein, Defendant invited the public, including Plaintiff, to its store and Premises.

1

4. At all times complained of herein, Defendant, by and through its duly authorized officers, employees, agents and representatives, owned, controlled, managed, maintained and operated its store and Premises.

5. At all times complained of herein, Defendant, by and through its duly authorized officers, employees, agents and representatives were present in its store picking up garbage, cleaning the floor and further controlling, maintaining and managing the premises owned and controlled by Defendant.

6. As a result of Defendant's presence, its management and maintenance of its Premises, Defendant, knew, or in the exercise of ordinary care, should have known that the floor near its Registers of its Premises was in a dangerous and defective condition.

7. In particular, Defendant knew or should have known that there was a liquid substance on the floor of its Premises and that was a hazard.

8. At all times complained of herein, Defendant, knew, or in the exercise of ordinary care, should have known that pedestrians walking along and upon said premises would not have their attention directed toward a liquid substance on the floor, and that said condition was thereat and therein a hazard to pedestrians lawfully walking thereon.

9. On or about August 14, 2018, Plaintiff was lawfully present at said Premises as a business invitee and customer of Defendant.

10. At all times complained of herein, Plaintiff was in the exercise of due care and caution for herself and for the safety of others.

11. On or about the above date and place, at or near 8:00 a.m., Plaintiff was walking near the Register in Defendant's Premises when she slipped and fell due to the presence of a liquid substance on the floor.

2

12. At all times complained of herein, Defendant, through its agents, employees and/or servants had actual and/or constructive notice of the condition of the liquid substance on the floor.

13. At all times complained of herein, Defendant owed a duty to use reasonable care to manage and maintain said Premises in a reasonably safe condition for the safety of its business invitees and customers, including Plaintiff and others lawfully present upon said Premises.

14. Notwithstanding said duty, at said time and place Defendant was guilty of one or more of the following negligent acts or omissions:

    a. Allowed a wet liquid substance to pool on the floor of its Premises thereby causing a hazardous condition for the business patrons and others lawfully present, including Plaintiff;

    b. Failed to inspect the Premises, thereby failing to keep the Premises in a safe condition;

    c. Failed to exercise ordinary care to keep and maintain the Premises in a proper and safe condition;

    d. Failed to warn Plaintiff of the hazardous, dangerous and unsafe condition on the Premises; and

    e. Was otherwise negligent and/or careless in the maintenance of the Premises.

15. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, Plaintiff slipped and fell on the liquid substance on the floor at or near the Register in Defendant's Premises.

16. That as a further direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, Plaintiff was injured, with accompanying pain and suffering, sustained a loss of his normal life, became liable to pay for necessary and reasonable medical treatment and services and lost wages all to the economic and non-economic damages to Plaintiff.

3

FILED DATE: 7/29/2020 12:59 PM 2020L007984

WHEREFORE, Plaintiff, FALGUNI SONI, by counsel, hereby demands judgment in her favor and against Defendant, BURLINGTON COAT FACTORY OF ILLINOIS, LLC, in an amount in excess of $50,000.00, plus the costs of bringing this suit.

## COUNT II
(Negligence)

Plaintiff, FALGUNI SONI, by counsel, as and for her Complaint against Defendant, BURLINGTON COAT FACTORY OF ILLINOIS, LLC, pleading in the alternative, alleges and states as follows:

1. At all times complained of herein, Defendant was an Illinois entity doing business in Skokie, Cook County, Illinois.

2. At all times complained of herein, Defendant owned and operated a clothing store located at 4849 Golf Road, Skokie, Cook County and State of Illinois (hereinafter referred to as "Premises").

3. At all times complained of herein, Defendant invited the public, including Plaintiff, to its store and Premises.

4. At all times complained of herein, Defendant, by and through its duly authorized officers, employees, agents and representatives, owned, controlled, managed, maintained and operated its store and Premises.

5. At all times complained of herein, Defendant, by and through its duly authorized officers, employees, agents and representatives were present in its store picking up garbage, cleaning the floor and further controlling, maintaining and managing the premises owned and controlled by Defendant.

4

FILED DATE: 7/29/2020 12:59 PM  2020L007984

6. As a result of Defendant's presence, its management and maintenance of its Premises, Defendant, knew, or in the exercise of ordinary care, should have known that the floor near its Registers of its Premises was in a dangerous and defective condition.

7. In particular, Defendant knew or should have known that there was a liquid substance on the floor of its Premises and that was a hazard.

8. At all times complained of herein, Defendant, knew, or in the exercise of ordinary care, should have known that pedestrians walking along and upon said premises would not have their attention directed toward a liquid substance on the floor, and that said condition was thereat and therein a hazard to pedestrians lawfully walking thereon.

9. On or about August 14, 2018, Plaintiff was lawfully present at said Premises as a business invitee and customer of Defendant.

10. At all times complained of herein, Plaintiff was in the exercise of due care and caution for herself and for the safety of others.

11. On or about the above date and place, at or near 8:00 a.m., Plaintiff was walking near the Register in Defendant's Premises when she slipped and fell due to the presence of a liquid substance on the floor.

12. At all times complained of herein, Defendant owed a duty to use reasonable care to manage and maintain said Premises in a reasonably safe condition for the safety of its business invitees and customers, including Plaintiff and others lawfully present upon said Premises.

13. Notwithstanding said duty, at said time and place Defendant was guilty of one or more of the following negligent acts or omissions:

    a. Allowed a wet liquid substance to pool on the floor of its Premises thereby causing a hazardous condition for the business patrons and others lawfully present, including Plaintiff;

5

b.  Failed to inspect the Premises, thereby failing to keep the Premises in a safe condition;

c.  Failed to exercise ordinary care to keep and maintain the Premises in a proper and safe condition;

d.  Failed to warn Plaintiff of the hazardous, dangerous and unsafe condition on the Premises; and

e.  Was otherwise negligent and/or careless in the maintenance of the Premises.

14. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, Plaintiff slipped and fell on the liquid substance on the floor at or near the Register in Defendant's Premises.

15. That as a further direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, Plaintiff was injured, with accompanying pain and suffering, sustained a loss of his normal life, became liable to pay for necessary and reasonable medical treatment and services and lost wages all to the economic and non-economic damages to Plaintiff.

WHEREFORE, Plaintiff, FALGUNI SONI, by counsel, hereby demands judgment in her favor and against Defendant, BURLINGTON COAT FACTORY OF ILLINOIS, LLC, in an amount in excess of $50,000.00, plus the costs of bringing this suit.

*Guy D. Geleerd, Jr.*
For Plaintiff
GUY DELSON GELEERD, JR. TRIAL LAWYER LLC
GUMBINER INJURY LAW GROUP
180 N. Michigan Avenue – Suite 2100
Chicago, IL 60601
Tel. 312-236-9751
Fax. 312-276-8020
Email guy.geleerd@gmail.com

6